NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

JUN 13 2022

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| BRIAN WHITAKER, <br><br> Plaintiff-Appellant, <br><br> v. <br><br> MARYLEE C. REEDER, in individual and representative capacity as trustee of the Marylee C. Reeder Living Trust; IL FORNAIO (AMERICA) CORPORATION, a Delaware Corporation; DOES, 1-10, <br><br> Defendants-Appellees. | No. 20-55358 <br><br> D.C. No. 2:19-cv-04341-SVW-AFM <br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the Central District of California
Stephen V. Wilson, District Judge, Presiding

Submitted June 10, 2022[**]
Pasadena, California

Before: M. SMITH, BADE, and VANDYKE, Circuit Judges.

Plaintiff Brian Whitaker appeals the district court's order declining to exercise

supplemental jurisdiction over his California Unruh Civil Rights Act claim. We

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

have jurisdiction under 28 U.S.C. § 1291, and we reverse and remand to the district court for further proceedings consistent with this memorandum disposition.

Whitaker sued Defendants for alleged violations of the Americans with Disabilities Act (ADA) and California's Unruh Civil Rights Act. After a one-day bench trial, the district court ruled for Whitaker on the ADA claim. In that same order, the court declined to exercise supplemental jurisdiction over the Unruh claim and dismissed it without prejudice. The court released a subsequent order declining supplemental jurisdiction over the Unruh claim, explaining that it was ruling in part "based on the same considerations regarding the limitations on Unruh Act claims the California legislature has enacted."

A district court's decision to decline supplemental jurisdiction over a state-law claim is reviewed for an abuse of discretion. *See Bryant v. Adventist Health Sys./West*, 289 F.3d 1162, 1165 (9th Cir. 2002). We hold that, in light of our recent ruling in *Arroyo v. Rosas*, 19 F.4th 1202 (9th Cir. 2021), the district court abused its discretion in declining supplemental jurisdiction.

*Arroyo* addressed a nearly identical situation and held that the district court abused its discretion in declining supplemental jurisdiction over an Unruh claim after ruling on the related ADA claim. *See id.* at 1216–17. Because a violation of the ADA is automatically a violation of the Unruh Act, "it would be a sheer waste of time and resources to require [an Unruh] claim to be refiled in state court" once

2

the ADA claim is adjudicated. *Id.* at 1214–15. And while *Arroyo* noted the clear and important comity concerns implicated in that case, it concluded that "the district court waited too late in the litigation to invoke this interest." *Id.* at 1215. Specifically, because the district court had already adjudicated the ADA claim, "it was no longer possible to satisfy the interests underlying California's various devices for pre-screening Unruh Act claims." *Id.* at 1216.

The same is true here. The district court did not decline supplemental jurisdiction over the Unruh claim until it had ruled on the merits of the ADA claim. Given this timing, the values of judicial economy and convenience favor retaining jurisdiction over the claim, and the concerns of comity could not be properly addressed at the late stage of litigation.[1] As in *Arroyo*, we therefore find that the district court abused its discretion in not exercising supplemental jurisdiction over the Unruh claim in this case.

**REVERSED and REMANDED**.

---

[1] Although there were no compelling reasons to decline supplemental jurisdiction at the stage of litigation in this case, we reaffirm the holding in *Arroyo* that "the recent confluence of" these laws have created "a highly unusual systemic impact on ADA-based Unruh Act cases that clearly threatens to have a significant adverse impact on federal-state comity." *Arroyo*, 19 F.4th at 1211. While this alone is not sufficient to affirm the district court, under *Arroyo* it is enough to satisfy the "exceptional circumstances" requirement for 28 U.S.C. § 1367(c)(4).